# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

DONALD DIXON,

      Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS INC., TRANS UNION
LLC, and EQUIFAX INFORMATION
SERVICES, LLC,

      Defendants.

Case No. 5:25-cv-01016-G

**DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.'S, TRANS UNION LLC'S, AND EQUIFAX INFORMATION SERVICES, LLC'S JOINT MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## TABLE OF CONTENTS

**Page**

I.    Introduction .................................................................................................. 1

II.   Factual Background........................................................................................ 3

III.  Legal Standards ............................................................................................. 6

    A.    Federal Rule of Civil Procedure 12(c) ........................................... 6

    B.    Federal Rule of Civil Procedure 12(b)(1) ...................................... 7

IV.   Arguments and Authorities ........................................................................... 8

    A.    Plaintiff Has Failed to State a Plausible Claim for Relief Under
           § 1681g of the FCRA .................................................................... 8

    B.    Plaintiff Has Failed to State Plausible Claims for Relief Under
           §§ 1681i or 1681e(b) of the FCRA ............................................ 12

    C.    Plaintiff Lacks Article III Standing............................................ 14

    D.    Plaintiff Does Not and Cannot State a Claim for Willfulness Under
           the FCRA.................................................................................... 16

V.    Conclusion.................................................................................................. 18

# TABLE OF AUTHORITIES

**Page**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................. 6

*Attridge v. Colonial Sav. F.A.*,
2023 WL 6444894 (W.D. Tex. Sept. 28, 2023) ....................................................... 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................. 6, 7

*Birmingham v. Experian Info. Sols., Inc.*,
633 F.3d 1006 (10th Cir. 2011) ............................................................................... 16

*Bruner v. Midland Funding, LLC*, No. CIV-16-1371-D, 2018 WL
11416998 (W.D. Okla. Aug. 21, 2018) .............................................................. 1, 13

*Carson III v. Trans Union, LLC. et al*,
5:25-cv-01502-PRW (Dec. 15, 2025) ....................................................................... 1

*Carvalho v. Equifax Info. Servs.*, LLC
629 F.3d 876, 890 (9th Cir.2010) ............................................................................ 13

*Cassara v. DAC Services, Inc.*,
276 F.3d 1210, 1217 (10th Cir. 2002) ..................................................................... 12

*Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*,
741 F.3d 769 (7th Cir. 2013) ..................................................................................... 7

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) .................................................................................................. 8

*Corder v. Lewis Palmer Sch. Dist. No. 38*,
566 F.3d 1219 (10th Cir. 2009) ................................................................................. 6

*Dalton v. Capital Associated Indus., Inc.*,
257 F.3d 409, 415 (4th Cir. 2001) ........................................................................... 13

*DeAndrade v. Trans Union LLC,*
523 F.3d 61, 67 (1st Cir.2008) ................................................................. 13

*Dotson v. National Consumer Telecommunications and Utility Exchange,*
*Inc.,*
No. 5:25-cv-01171-SLP, 2026 WL 575337
(W.D. Okla. Mar. 2, 2026)................................................... 9, 10, 11, 12, 14

*Eller v. Experian Info. Solutions, Inc.,*
No. 09–cv–00040, 2011 WL 3365955, at *16 (D.Colo. May 17, 2011) .................... 13

*Evans v. Am. Collection Enter.,*
624 F. Supp. 3d 593 (D. Md. 2022) .............................................................. 16

*Frazier v. Experian Info. Sols., Inc.,*
2018 WL 3785131 (D. Md. 2018) ................................................................. 9

*Groundhog v. Keeler,*
442 F.2d 674 (10th Cir. 1971) ................................................................... 7

*Hammer v. Equifax Info. Servs., LLC,*
974 F.3d 564 (5th Cir. 2020) .................................................................. 10

*House v. Trans Union LLC et al,*
Docket No. 5:25-cv-01084 (W.D. Okla. Sep. 18, 2025) ............................................ 1

*King v. Equifax Info. Servs., LLC,*
2023 WL 3006552 (N.D. Cal. Apr. 18, 2023) .......................................................... 15

*Lewis v. Midland Credit Mgmt.,*
2016 WL 4747414 (W.D. Okla. Sep. 28, 2016) ...................................................... 10

*Love v. Equifax Info. Servs., LLC. et al,*
5:25-cv-00913-SLP (Aug. 14, 2025) ................................................................ 1

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992).................................................................................. 14

*Matthews v. Equifax Info. Servs., LLC et al,*
5:25-cv-00818-R (W.D. Okla. July 22, 2025) ........................................................ 1

*Muhammad v. Wakefield & Assocs.*,
No. 20-CV-03024-RBJ-STV, 2021 WL 5284708 (D. Colo. May 21,
2021), *report and recommendation adopted sub nom. Muhammad v.
Transunion Consumer Reporting Agency*, No. 20-CV-3024-RMR-STV,
2021 WL 5284952 (D. Colo. Sept. 30, 2021) .................................................... 6

*Osborn v. Osborn v. Equifax Info. Servs., LLC. et al*,
5-25-cv-01212-JD (Oct. 15, 2025) .................................................................... 1

*Robbins v. Oklahoma*,
519 F.3d 1242 (10th Cir. 2008) ........................................................................ 7

*Roberts v. Equifax Info. Servs., LLC et al*,
5:25-cv-00887-JD (W.D. Okla. Aug. 11, 2025) .............................................. 1

*Rosenberg v. LoanDepot, Inc.*,
2023 WL 1866871 (S.D.N.Y. Feb. 9, 2023) ................................................... 16

*Ruffin–Thompkins v. Experian Info. Solutions, Inc.*
422 F.3d 603, 608 (7th Cir.2005) .................................................................. 13

*Rush v. Macy's New York*,
775 F.2d 1554 (11th Cir. 1985) ...................................................................... 16

*Safeco Ins. Co. of America v. Burr*,
551 U.S. 47 (2007) .................................................................................... 16, 17

*Scott v. Equifax, Inc.*,
No. 2:20-cv-2516-HLT-JPO, 2021 WL 4099007
(D. Kan. July 23, 2021) .................................................................................... 9

*Shaw v. Experian Info. Sols.*,
891 F.3d 749 (9th Cir. 2018) ....................................................................... 3, 9

*Shaw v. Trans Union LLC., et al.*
5:25-cv-00893 (W.D. Okla Aug. 11, 2025) .................................................... 1

*Shepherd v. Liberty Acquisitions, LLC*,
No. 11-CV-00718-CMA-HEH, 2012 WL 2673101
(D. Colo. July 5, 2012) ................................................................................... 13

*Shields v. Trans Union, LLC. et al*,
    5:26-cv-00121-JD (Jan. 25, 2026) ................................................................... 1

*Smith v. Trans Union, LLC. et al*,
    5:26-cv-00079-D (Jan. 18, 2026)..................................................................... 1

*Spira v. Trans Union, LLC*,
    2022 WL 2819469 (S.D.N.Y. July 19, 2022) ................................................ 15

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)....................................................................................... 14

*Teigen v. Renfrow*,
    511 F.3d 1072 (10th Cir. 2007) ....................................................................... 6

*TransUnion v. Ramirez*,
    594 U.S. 413 (2021)....................................................................................... 14

*United States v. Rodriguez-Aguirre*,
    264 F.3d 1195 (10th Cir. 2001) ....................................................................... 7

*West v. Experian Info. Sols., Inc., et al*,
    5:25-cv-01476-G (Dec. 8, 2025)..................................................................... 1

*Whitaker v. Trans Union Corp.*,
    No. CV 03-2551-GTV, 2005 WL 8160827 (D. Kan. Feb. 3, 2005).............................. 11

*Whitney v. State of New Mexico*,
    113 F.3d 1170 (10th Cir. 1997) ....................................................................... 7

**STATUTES**

15 U.S.C. § 1681 ........................................................................................ 3, 8, 13

**RULES**

Federal Rule of Civil Procedure 12(b)(1).......................................................... 7

Federal Rule of Civil Procedure 12(c)............................................................. 1, 6

Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and Equifax Information Services, LLC ("Equifax") (collectively the "Defendants") submit this Joint Motion for Judgment on the Pleadings ("Motion") pursuant to Federal Rule of Civil Procedure 12(c) and respectfully request that the Court dismiss this case with prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    Introduction

This case is one of several nearly identical lawsuits filed in this District by Plaintiff's counsel seeking to exploit alleged deficiencies in consumer credit disclosures.[1] In this action, Plaintiff Donald Dixon alleges that Defendants violated §§ 1681g and 1681e(b) of the Fair Credit Reporting Act ("FCRA") by providing disclosures that purportedly omitted or failed to fully report certain information contained in his consumer file. *See Am. Compl.*

---

[1] Courts across the country are awash with cases of this ilk in which a plaintiff alleges that an entity subject to the FCRA has violated § 1681g because a consumer report or disclosure is missing certain "critical information." In this Court alone, Plaintiff's counsel has filed or appeared in no fewer than 13 actions (MUCH HIGHER NOW) under this theory, including in one action where he is the plaintiff. *See House v. Trans Union LLC et al*, Docket No. 5:25-cv-01084 (W.D. Okla. Sep. 18, 2025); *Matthews v. Equifax Info. Servs., LLC et al*, 5:25-cv-00818-R (W.D. Okla. July 22, 2025); *Roberts v. Equifax Info. Servs., LLC et al,* 5:25-cv-00887-JD (W.D. Okla. Aug. 11, 2025); *Shaw v. Trans Union LLC., et al.* 5:25-cv-00893 (W.D. Okla Aug. 11, 2025); *Smith v. Trans Union, LLC. et al*, 5:25-cv-00900-JD (Aug. 11, 2025); *Love v. Equifax Info. Servs., LLC. et al*, 5:25-cv-00913-SLP (Aug. 14, 2025); *Osborn v. Equifax Info. Servs., LLC. et al*, 5-25-cv-01212-JD (Oct. 15, 2025); *Bruner v. Equifax Info. Servs., LLC*, 5:25-cv-01216-D (Oct 15, 2025); *West v. Experian Info. Sols., Inc., et al*, 5:25-cv-01476-G (Dec. 8, 2025); *Carson III v. Trans Union, LLC. et al*, 5:25-cv-01502-PRW (Dec. 15, 2025); *Smith v. Trans Union, LLC. et al*, 5:26-cv-00079-D (Jan. 18, 2026); *Curry v. Trans Union, LLC. et al*, 5:26-cv-00080-G (Jan 18, 2026); *Lewis v. Trans Union, LLC. et al*, 5:26-cv-00081-PRW (Jan 18, 2026); *Shields v. Trans Union, LLC. et al*, 5:26-cv-00121-JD (Jan. 25, 2026).

(ECF No. 28) at ¶¶ 15–74. Specifically, Plaintiff complains of truncated account numbers, incomplete payment histories, incomplete balance histories, incomplete account details, varying balances, missing account data fields, and purported inaccuracies such as "no data" reporting and alleged re-aged information. But as courts—including this Court—have recognized in materially indistinguishable cases, these types of allegations fail to state a viable claim under the FCRA. Likewise, Plaintiff claims that the Defendants violated § 1681i of the FCRA by not conducting reasonable reinvestigations of his disputes regarding the alleged "omitted" information, failing to review and consider all relevant information, and curiously failing to delete the disputed omissions.

Plaintiff's case should be dismissed because: (1) he fails to allege facts demonstrating that Defendants did not disclose all information actually contained in his file; (2) he fails to allege an actionable inaccuracy; (3) he lacks Article III standing because he alleges only procedural violations and conclusory harms; and (4) the Amended Complaint ("Complaint") fails to plead facts sufficient to establish either a willful or negligent violation of the FCRA. Although Plaintiff repeatedly asserts that certain information was incomplete or inaccurate, he does not plead facts showing that any information reported was actually incorrect or that Defendants failed to disclose information that existed in his file at the time of the disclosures. Even if he had, bare statutory violations and generalized allegations of harm are insufficient to establish standing under controlling Supreme Court precedent.

Accordingly, because the Complaint fails to state a claim and alleges no concrete injury, the Court should dismiss Plaintiff's claims or enter judgment on the pleadings in favor of Defendants.

## II.    <u>Factual Background</u>

Plaintiff Donald Dixon alleges that he obtained consumer credit disclosures from Defendants on or about June 16, 2025, and subsequently obtained updated disclosures on or about September 1, 2025. *See Am. Compl.* at ¶¶ 15, 22, 34, 42, 53, 61. He contends that these disclosures failed to include either "a substantial amount of," "key," or "critical" information purportedly contained in his credit file, including full account numbers, complete payment histories, balance and payment data, and other account-level details. *Am. Compl.* at ¶¶ 17, 18, 23-33, 36-38, 44-52, 55-57, 62-71.[2] Plaintiff further alleges that these purported deficiencies affect numerous tradelines across all three consumer reporting agencies ("CRA"), including multiple longstanding credit accounts for which he claims significant portions of historical payment data and other fields were omitted. *Am. Compl.* at ¶¶ 25–33, 45–52, 63–71.

Plaintiff points generally to categories of alleged deficiencies, including truncated account numbers, incomplete payment histories spanning multiple years, incomplete and inaccurate balances, "varying balances" and missing or "ND" (no data) entries in payment

---

[2] When a consumer seeks access to their own credit information directly from a CRA, the resulting document is called a "consumer disclosure" or "credit file disclosure." 15 U.S.C. § 1681g. In contrast, the terms "credit report" or "consumer report" refer to the document provided to credit grantors, insurers, or employers for credit-related decisions. *See* 15 U.S.C. § 1681a(d)(1); *Shaw v. Experian Info. Sols.*, 891 F.3d 749, 755 n.3 (9th Cir. 2018).

and balance fields. *Am. Compl.* at ¶¶ 18, 23, 26-33, 38, 44-52, 55, 57, 62-71. Across all Defendants, Plaintiff repeatedly asserts that each agency "possesses more information" than what was disclosed but does not identify with specificity what additional information exists in his file that was not disclosed. *Am. Compl.* at ¶¶ 26-33, 46-52, 65-71.

Plaintiff acknowledges that each Defendant provided him with consumer disclosures but alleges that Defendants "knowingly and intentionally failed to disclose all of the information" in his credit file in an effort "to reduce operating costs and increase profitability." *Am. Compl.* at ¶¶ 73, 74. He further asserts, in conclusory fashion, that these alleged violations were "willful, not negligent," and the result of unspecified "systemic procedures" prioritizing efficiency over accuracy and completeness. *Am. Compl.* at ¶ 78. Plaintiff claims that these alleged deficiencies caused harm, including preventing him from identifying and correcting errors, depriving him of favorable credit information, time, resources, frustration, and various forms of emotional distress, but does not allege facts showing that any information disclosed was actually inaccurate or that any specific information contained in his credit file was not disclosed. *Am. Compl.* at ¶ 79. Plaintiff also fails to explain how omitting certain information is more efficient or could possibly reduce operating costs and increase the Defendants' profitability. *See generally Am. Compl.*

Based on these allegations, Plaintiff asserts that Defendants violated 15 U.S.C. §§ 1681g, 1681i, and 1681e(b). *Am. Compl.* at ¶¶ 84, 88, 93. Plaintiff baldly claims that Defendants violated § 1681g by failing to "clearly and accurately disclose all of the information" in his consumer file. *Am. Compl.* at ¶ 84. Missing from the Complaint, however, are concrete factual allegations plausibly demonstrating that Defendants failed to

4

disclose information actually contained in Plaintiff's file at the time of his requests. Rather, Plaintiff relies on generalized assertions that disclosures were "incomplete," "inaccurate," or omitted unspecified information. *Am. Compl.* at ¶¶ 24-33, 36-38, 45-52, 63-71. Again, devoid of any actual facts, Plaintiff's Complaint alleges that the Defendants violated § 1681i by failing to conduct reasonable reinvestigations of his disputes regarding the alleged "omitted" information, failing to review and consider all relevant information, and oddly failing to *delete* the disputed *omissions*. *Am. Compl.* at ¶ 88. Throughout the Complaint, Plaintiff reiterates that Defendants "possess[] more information regarding [Plaintiff's] account[s] than [they] disclosed." *E.g., id.* at ¶¶ 26-33, 46-52, 65-71. Perplexingly, Plaintiff alleges both that Defendants violated § 1681g by omitting certain information, and also that Defendants violated § 1681i by failing to delete that omitted information.

Once more, without asserting facts, Plaintiff's Complaint claims that the Defendants violated § 1681e(b) by failing to establish and/or follow reasonable procedures to assure the maximum possible accuracy in the preparation of his credit file and credit reports. *Am. Compl.* at ¶ 93. Absent the requisite facts to support his allegations that the Defendants violated the FCRA, Plaintiff's claims are simply not plausible.

Similarly, Plaintiff fails to allege facts sufficient to support his claim of willfulness. His allegations that Defendants acted knowingly, intentionally, or pursuant to profit-driven "systemic procedures" are entirely conclusory and unsupported by specific factual content. *Am. Compl.* at ¶¶ 74, 75, 78, 85, 90, 94. Plaintiff does not identify any particular policy, practice, or authoritative guidance that would render Defendants' conduct objectively

unreasonable under governing law. *Id.* Accordingly, Plaintiff's allegations are insufficient to state a plausible claim for relief or to establish Article III standing.

### III.   <u>Legal Standards</u>

#### A.   **Federal Rule of Civil Procedure 12(c)**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts review a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009) (affirming dismissal). Rule 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, the Court "must look for plausibility," meaning that the complaint "must include enough facts to state a claim that is plausible on its face." *Corder*, 566 F.3d at 1223–24 (quoting *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007)); *accord Muhammad v. Wakefield & Assocs.*, No. 20-CV-03024-RBJ-STV, 2021 WL 5284708, at *3 (D. Colo. May 21, 2021), *report and recommendation adopted sub nom. Muhammad v. Transunion Consumer Reporting Agency*, No. 20-CV-3024-RMR-STV, 2021 WL 5284952 (D. Colo. Sept. 30, 2021) (recommending dismissal where plaintiff failed to plausibly allege an inaccuracy in his credit report and instead focused on legal issues underlying an admitted debt).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to

6

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]'"). Rather, "a plausible claim must include factual content sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (internal quotation marks and citation omitted).

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 556) (cleaned up). Thus, the Court is under "no obligation to conjure up unpleaded allegations" to support Plaintiff's claims. *Id.*; *see also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (courts may not "supply additional factual allegations to round out a plaintiff's complaint" or "construct a legal theory on a plaintiff's behalf.").

### B.    Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of standing may be brought under Rule 12(b)(1). *See e.g.*, *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to resolve the matter. *See id.* A Rule 12(b)(1) motion "must be determined from the allegation of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The plaintiff "bear[s] the burden of pleading and proving concrete facts

7

showing that the defendant's actual action has caused substantial risk of harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013).

## IV.    <u>Arguments and Authorities</u>

Plaintiff's Complaint not only fails to plausibly allege a violation of § 1681g(a), but Plaintiff simply cannot support a § 1681g(a) claim under the facts and circumstances alleged in this case. Section 1681g(a) of the FCRA requires every Credit Reporting Agency ("CRA") to "clearly and accurately disclose" to the consumer "[a]ll information in the consumer's file at the time of the request," with certain exceptions. 15 U.S.C. § 1681g(a). A consumer's "file" includes "all information on that consumer recorded and retained by a reporting agency regardless of how this information is stored." 15 U.S.C. § 1681g(a).

Defendants complied with these requirements. However, Plaintiff urges the Court to infer that blank fields in Plaintiff's credit disclosures necessarily means that Defendants are withholding information in the consumer's file—when numerous courts (including this very Court) have concluded the opposite. Plaintiff then attempts to persuade the court that the Defendants violated §§ 1681i and 1681e(b) based on these same "omissions." This Court should again refuse to make such an inference and dismiss this suit in its entirety.

### A.    **Plaintiff Has Failed to State a Plausible Claim for Relief Under § 1681g of the FCRA**

To state a claim under § 1681g of the FCRA, a plaintiff's complaint "must specify what information is missing from the disclosure or contain specific facts that the plaintiff relied upon to allege that the defendant did not provide all the information in the

8

consumer's file." *Scott v. Equifax, Inc.*, No. 2:20-cv-2516-HLT-JPO, 2021 WL 4099007, at *2 (D. Kan. July 23, 2021) (citing *Frazier v. Experian Info. Sols., Inc.*, 2018 WL 3785131, at *5–6 (D. Md. 2018)). For instance, Plaintiff's Complaint alleges that the Defendants omitted between 9 years and 27 years of "potentially favorable payment history" from certain accounts but wholly neglects to plead that he was actually making payments during these years for Defendants to report. *Am. Compl.* at ¶¶ 26-31, 33, 47-52, 65-69. Plaintiff also alleges that the Defendants failed to disclose his balances, scheduled payments and/or amounts paid yet fails to plead that the subject accounts had balances, scheduled payments or that he made payments to report much less identify the amounts that should have been reported by the Defendants. *Am. Compl.* at ¶¶ 26-30, 32, 46-51, 65-71. The same is true for every other category of alleged "missing" or omitted" information.

To determine whether a party has violated § 1681g, courts consider whether "the disclosure is understandable to the average consumer," and whether the information provided to the consumer was in a form that was both "clear and accurate." *Dotson*, 2026 WL 575337, at *2 (quoting *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018)). Plaintiff's Amended Complaint similarly fails to allege that Defendants included any actual "inaccurate information" in his consumer disclosures. Plaintiff does not identify what specific information is false, nor does he explain how any tradeline should have been reported differently. *See Am. Compl.* at ¶¶ 25–33, 45–52, 64–71. Instead, Plaintiff provides a lengthy list of accounts and asserts, in generalized fashion, that Defendants' disclosures contained truncated account numbers, incomplete payment histories spanning multiple years, "ND" or missing data entries, allegedly inaccurate balance or payment fields, and

9

other unspecified omissions. *See Am. Compl.* at ¶¶ 18, 25–33, 37, 38, 44-52, 55–57, 63–71.[3] But these allegations do not identify any actual inaccuracy, nor do they establish that any information disclosed by Defendants was incorrect or that any specific information contained in Plaintiff's file was withheld. Rather, Plaintiff merely speculates that additional unspecified information must exist and should have been disclosed, which is insufficient to state a claim under the FCRA.

Allegations of "missing information" are not sufficient in and of themselves to plausibly plead a § 1681g violation. As this Court recently concluded in *Dotson*, "blank fields" do not necessarily indicate that a CRA withheld information in violation of § 1681g. *Dotson*, 2026 WL 575337, at *3; *see also Hammer v. Equifax Info. Servs., LLC*, 974 F.3d 564, 568 (5th Cir. 2020) ("A credit report does not become inaccurate whenever there is an omission, but only when an omission renders the report misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.") (internal quotations omitted). Indeed, CRAs only "gather information provided by data furnishers and make that information available" to consumers. *Dotson*, 2026 WL 575337, at *3 (quoting *Lewis v. Midland Credit Mgmt.*, 2016 WL 4747414, at *1 (W.D. Okla. Sep. 28, 2016)). Accordingly, if a data furnisher does not provide certain information as it pertains to a particular account, Defendants would not have that information in the consumer's file at the time of the request and consequently, cannot disclose that information. Put simply,

---

[3] Plaintiff does not even include copies of the credit disclosures he allegedly received on June 16, 2025, or September 1, 2025, to assist Defendants and the Court in understanding what information is at issue.

not every available account field will be filled in for every single account a consumer has, and the mere existence of blank fields in a consumer disclosure does not render the disclosure incomplete or insufficient under § 1681g.

Regarding truncated account numbers specifically, courts in this circuit have reaffirmed that it is reasonable as a matter of law for CRAs to report truncated account numbers to protect consumers against identity theft. *Dotson*, 2026 WL 575337, at *3; *Whitaker v. Trans Union Corp.*, No. CV 03-2551-GTV, 2005 WL 8160827, at *20 (D. Kan. Feb. 3, 2005) ("[H]olding a credit reporting agency liable for reporting a ... truncated account number that a creditor furnished would lead to absurd results, especially if the credit reporting agency did not know that the creditor furnished it with such an account number.").

Here, Plaintiff does not allege that the purportedly "missing" or incomplete information was ever actually contained in Defendants' files in the first place. Instead, Plaintiff merely asserts that certain fields—such as full account numbers, extended payment histories, balance and payment data, and other account-level details—were incomplete, truncated, or reflected "ND" entries in the disclosures he received. *See Am. Compl.* at ¶¶ 25–33, 45–52, 64–71. But Plaintiff offers no factual basis for his assumption that Defendants possessed additional information beyond what was disclosed, nor does he identify any source demonstrating that such information exists for the accounts at issue. Rather, Plaintiff's theory rests entirely on the absence of data in certain fields, from which he speculates that Defendants must have withheld information. These conclusory allegations are insufficient to plausibly allege that Defendants failed to disclose

11

information actually contained within Plaintiff's consumer file.[4] *Id.*; *see also Dotson*, 2026 WL 575337, at *3 (dismissing a complaint containing 1681g allegations under similar circumstances).

Plaintiff has not plausibly alleged what, if anything, was not disclosed or was reported in error regarding any of the alleged Accounts.  *See generally*, *Am. Compl.* Instead, Plaintiff offers sweeping, speculative conclusions, without factual support, that information was excluded from his credit file.  Accordingly, Plaintiff has failed to meet the pleading standards of *Iqbal* and *Twombly*, and the Motion should be granted.

### B.    Plaintiff Has Failed to State Plausible Claims for Relief Under §§ 1681i or 1681e(b) of the FCRA

Just as Plaintiff has failed to meet the pleading standard for a viable § 1681g claim, he has likewise failed to state a plausible claim for relief under §§ 1681i and 1681e(b). Plaintiff has failed to plead the requisite inaccuracy necessary for viable §§ 1681i and 1681e(b) claims. "The existence of a factual inaccuracy is an essential element of plaintiff's claims under § 1681e(b) and § 1681i. One of the elements which a plaintiff must prove to prevail in a private civil action under § 1681e(b) is that "the report in question was, in fact, inaccurate." *Cassara v. DAC Services, Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to

---

[4] For instance, Plaintiff does not allege what any of the challenged tradelines should have reported, whether any allegedly missing payment or balance data exists, or whether the "ND" entries are in fact inaccurate. Rather, he simply assumes that because certain fields are incomplete, additional information must exist and must have been withheld—an inference that is insufficient to state a claim under the FCRA.

such an extent that it can be expected to have an adverse effect on the consumer. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). "The FCRA requires credit reporting agencies, upon receipt of a consumer dispute, to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).

Although the Tenth Circuit has not addressed *the* elements of a plaintiff's claim of negligent reinvestigation under § 1681i, at minimum, a plaintiff must show that she (1) disputed the completeness or accuracy of an item in her consumer file; (2) notified the consumer reporting agency of the dispute; (3) the consumer reporting agency failed to conduct a reasonable investigation within the time period allowed; and (4) the plaintiff suffered actual damages as a result of the inaccurate information in her file. *See Eller v. Experian Info. Solutions, Inc.,* No. 09–cv–00040, 2011 WL 3365955, at *16 (D.Colo. May 17, 2011) (citing *Ruffin–Thompkins v. Experian Info. Solutions, Inc.,* 422 F.3d 603, 608 (7th Cir.2005))." *Shepherd v. Liberty Acquisitions, LLC*, No. 11-CV-00718-CMA-HEH, 2012 WL 2673101, at *3 (D. Colo. July 5, 2012). "In addition, most circuit courts to consider the issue have held that a plaintiff filing suit under § **1681i** "must make a prima facie **showing** of inaccurate reporting." *Carvalho v. Equifax Info. Servs.,* LLC, 629 F.3d 876, 890 (9th Cir.2010); *DeAndrade v. Trans Union LLC,* 523 F.3d 61, 67 (1st Cir.2008); *Shepherd*, 2012 WL 2673101, at *3.

Plaintiff has entirely failed to plead facts sufficient to identify any inaccuracy in his disclosure or file therefore, § 1681i and § 168e(b) claims fail as a matter of law. *Bruner v. Midland Funding, LLC*, No. CIV-16-1371-D, 2018 WL 11416998, at *1 (W.D. Okla. Aug.

13

21, 2018) (Finding that to prevail on an FCRA claim against a consumer reporting agency for noncompliance with § 1681e(b) or § 1681i(a), a plaintiff must show that the consumer report about him or her was inaccurate).

### C.    Plaintiff Lacks Article III Standing

Under Article III of the Constitution, the judicial power of the United States extends only to "Cases" and "Controversies."  U.S. Const. art. III, §§ 1–2.  To prevent "federal courts [from] exceed[ing] their authority," the law of Article III standing "confines the federal courts to a properly judicial role" by "limit[ing] the category of litigants empowered to maintain a lawsuit in federal court." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (citations modified).  This "irreducible constitutional minimum," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 556–61 (1992), requires a showing that a plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision." *Spokeo*, 578 U.S. at 338.

Here, Plaintiff fails to plead a concrete injury in fact: "The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *Ramirez*, 594 U.S. at 434 (involving Section 1681e(b) claim).  This logic holds for "missing information" as well. *See Dotson*, 2026 WL 575337, at *3 (stating that blank fields do not necessarily indicate a 1681g violation).  Therefore, it is insufficient for standing purposes that Plaintiff merely viewed or "obtained" his consumer disclosures and observed allegedly missing or incomplete information. *See Am. Compl.* at ¶¶ 15, 22–24, 34, 42–44, 53, 61–62. Plaintiff does not allege that these disclosures were disseminated to any third party, caused any adverse credit decision, or otherwise resulted in a concrete

14

injury. Instead, Plaintiff relies solely on his review of the disclosures themselves, which is insufficient to establish Article III standing.

Here, Plaintiff makes no allegations of any third-party publication anywhere in his Complaint, much less that Defendants disclosed inaccurate information to a third-party. Absent such allegation, Plaintiff fails to plead a concrete injury, and the Court should decline to fill those gaps for him. *See King v. Equifax Info. Servs., LLC*, 2023 WL 3006552, at *2 (N.D. Cal. Apr. 18, 2023) (declining to make inferential steps necessary for plaintiff's claims to survive and dismissing his claims accordingly). Plaintiff further makes no allegation of any denial of credit, adverse credit decision, or change in existing credit terms—hallmarks of a concrete injury in an FCRA case. Indeed, Plaintiff does not identify any specific economic harm whatsoever. Instead, his claimed injuries consist of generalized assertions of frustration, delay, reputational harm, and similar intangible harm. *See Am. Compl.* at ¶ 79.

Plaintiff's generic allegations of emotional distress are similarly insufficient to plead an injury-in-fact. *Compare Am. Compl.* at ¶ 79 (alleging "frustration," "confusion," emotional distress, anxiety, and related harms), with *Spira v. Trans Union, LLC*, 2022 WL 2819469, at *5–6 (S.D.N.Y. July 19, 2022) (finding no concrete harm where plaintiff alleged "mental and emotional pain" without supporting facts). Once again, Plaintiff offers no specific factual allegations to explain how these harms arose or how they are tied to any real-world consequences. *See*, e.g., *Attridge v. Colonial Sav. F.A.*, 2023 WL 6444894, at *4–6 (W.D. Tex. Sept. 28, 2023) (dismissing allegations of "stress, fear, worry, distress, frustration, humiliation, and embarrassment" as insufficient); *Rosenberg v. LoanDepot,*

15

*Inc.*, 2023 WL 1866871, at \*4–5 (S.D.N.Y. Feb. 9, 2023) (same); *Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 599–601 (D. Md. 2022) (same). More is required to satisfy Article III standing.

### D.    Plaintiff Does Not and Cannot State a Claim for Willfulness Under the FCRA

Plaintiff has no claim against the Defendants under either § 1681n (willful noncompliance) or § 1681o (negligent noncompliance) of the FCRA because he has failed to plausibly allege that Defendants violated §§ 1681g, 1681i or 1681e(b).  At the very least, Plaintiff's Complaint is devoid of any allegations that rise to the level sufficient to establish willful violations by the Defendants.

Willfulness is a high standard that requires a knowing or reckless violation.  Under § 1681n(a), a "willful" violation is one that is "either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA." *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) (citing *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57–58 (2007)); *see also Rush v. Macy's New York*, 775 F.2d 1554 (11th Cir. 1985) (stating that part of the reason plaintiff's claim failed was because he "alleged no facts tending to show that Macy's 'willfully' or 'negligently' failed to comply with the FCRA").  Recklessness is determined by whether the party engaged in an action "entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (quoting *Safeco Ins. Co. of America*, 551 U.S. at 68).  "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms but shows that the

16

company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* (quoting *Safeco Ins. Co. of America*, 551 U.S. at 69).

The Supreme Court has analogized the FCRA's willfulness standard to the "clearly established" requirement in qualified immunity cases, reasoning that an FCRA violation can only be willful if the defendant engages in conduct that is clearly unlawful under then-existing law. *Safeco Ins. Co. of America*, 551 U.S. at 69–70. *Safeco* itself makes clear that this "clearly established" test sets a very high bar for willfulness liability—even federal district court case law and informal agency guidance do not suffice to make an FCRA interpretation "clearly established" under *Safeco*. Rather, only "court of appeals" authority, "authoritative guidance" from the Federal Trade Commission, or statutory language that is "pellucid" satisfy this test. *Id.* Accordingly, unless Defendants' alleged conduct would not have been lawful under any interpretation of the FCRA that "could reasonably have found support in the courts," Plaintiff's willfulness claim must fail. *Id.* at 70 n.20.

Plaintiff claims that Defendants' alleged omissions were "willful, not negligent," and were carried out through "systemic procedures" that prioritized internal efficiency over the accuracy and completeness of consumer disclosures, and that Defendants' practices reflect an institutional disregard for their statutory obligations and were driven by a desire to reduce operating costs and increase profitability. *Am. Compl.* at ¶¶ 74–78. However, he fails to cite any authority demonstrating that Defendants engaged in unlawful conduct. In addition, Plaintiff's allegations in support of willfulness are vague, conclusory, and non-

17

specific as to what "systemic procedures" were used, or (more importantly) how such systems "reduce[d] operating costs and increase[d] profitability." *Id.*  Plaintiff does not provide any factual enhancement for such vague, sweeping conclusions to plausibly allege a claim for willfulness under §§ 1681g, 1681i or 1681e(b).

Based on the foregoing, Plaintiff's claim for willful violation of §§ 1681g 1681i, and 1681e(b) necessarily fails. The allegations in the Complaint do not plausibly allege that Defendants knowingly or recklessly violated the FCRA, and Plaintiff cannot satisfy the high bar of willfulness with such vague allegations.

## V.    Conclusion

For all the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss Plaintiff's Amended Complaint in its entirety, along with such other relief as the Court deems just and proper.

18

Dated: June 10, 2026                    Respectfully submitted,

*/s/ Amanda Loughmiller*

Amanda Loughmiller, OBA #35383
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, TX 75024
Tel: (214) 560-5455
Fax: (214) 871-2111
aloughmiller@qslwm.com
**ATTORNEY FOR TRANS UNION LLC**

/s/ *Jimmy Goodman*

Jimmy Goodman, OBA #3451
Amelia Rae Ridgeway, OBA #36905
CROWE DUNLEVY, P.C.
Braniff Building
324 North Robinson Ave., Ste. 100
Oklahoma City, OK 73102
(405) 235-7700
jimmy.goodman@crowedunlevy.com
amy.ridgeway@crowedunlevy.com
**ATTORNEYS FOR EXPERIAN
INFORMATION SOLUTIONS, INC.**

*/s/Heather H. Sharp*

Forrest Seger, III
CLARK HILL PLC
2301 Broadway St.
San Antonio, TX 78215
(210) 250-6162
(210) 251-6100 Fax
tseger@clarkhill.com
*and*
Emory Grissom Allen
CLARK HILL PLC
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
(469) 287-3902

19

(469) 227-6556 Fax
eallen@clarkhill.com
*and*
Heather H. Sharp
SEYFARTH SHAW LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309
(404) 881-5477
(404) 892-7056 Fax
hsharp@seyfarth.com
**ATTORNEYS FOR EQUIFAX
INFORMATION SERVICES LLC**

20

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey A. Wilson
jeff@lawbyjw.com
Law by JW, LLC
1590 Jonesboro Rd., SE #6839
Atlanta, GA 30315
*Counsel for Plaintiff*

Jimmy Goodman, OBA #3451
Amelia Rae Ridgeway, OBA #36905
Crowe Dunlevy, P.C.
Braniff Building
324 North Robinson Ave., Ste. 100
Oklahoma City, OK 73102
jimmy.goodman@crowedunlevy.com
amy.ridgeway@crowedunlevy.com
*Counsel for Experian Information Solutions, Inc.*

Arthur F. Hoge, III
Littleton Tazewall Ellett, IV
Hall, Estill, Hardwick, Gable,
Golden & Nelson, P.C.
100 N. Broadway Avenue, Suite 2900
Oklahoma City, OK 73102
ahoge@hallestill.com
tellett@hallestill.com
*and*
Emory Grissom Allen
Clark Hill PLC
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
eallen@clarkhill.com
*and*
Forrest Seger, III
Clark Hill PLC
2301 Broadway St.
San Antonio, TX 78215
tseger@clarkhill.com
*and*
Heather H. Sharp
Seyfarth Shaw LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309
hsharp@seyfarth.com
*Counsel for Equifax Information Services LLC*

/s/ Amanda Loughmiller
**AMANDA LOUGHMILLER**

21