**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

DONALD DIXON,

   Plaintiff,

  v.          Case No. 5:25-cv-01016-G

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION,
LLC; and EQUIFAX INFORMATION
SERVICES, LLC,

   Defendants.

**JOINT MOTION TO STAY ACTION PENDING A RULING ON
DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

COME NOW, Defendants Equifax Information Services, LLC ("Equifax"),

Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union")

(collectively, "Defendants"), through undersigned counsel, and hereby file this Joint

Motion to Stay Action Pending Ruling on their Joint Motion for Judgment on the Pleadings

and respectfully state the following:

## I.  INTRODUCTION

This lawsuit alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§ 1681, *et seq.* regarding Plaintiff's misplaced belief that Defendants failed to comply with

his requests for a copy of his complete credit files. *See generally* ECF No. 28. In particular,

Plaintiff claims that Defendants failed "to clearly and accurately disclose all of the

information in Plaintiff's consumer file at the time of the request," in violation of 15 U.S.C.

§ 1681g of the Fair Credit Reporting Act ("FCRA"). ECF No. 28 ¶ 84.

On June 10, 2026, Defendants filed a Motion for Judgment on the Pleadings (the "MJOP") (ECF No. 59). In the MJOP, Defendants assert that Plaintiff fails to state a claim upon which relief can be granted because the consumer disclosure in question provided a clear and accurate depiction of the information on Plaintiff's file and satisfied the requirements of § 1681g. *See generally* ECF No. 59.

Given the potential disposition of Plaintiff's claims against Defendants, the parties and the Court should not expend any further time, energy, and resources on discovery while the MJOP is pending. As such, Defendants believe the ends of judicial economy and preservation of limited resources would be best served by staying discovery pending adjudication of the MJOP.

## II.     ARGUMENT AND AUTHORITIES

It is well accepted that "the power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Utah v. Env't Restoration, LLC*, No. 2:17-CV- 866 TS, 2018 WL 317838, at *1 n.4 (quoting *Avants v. Prospect Mortg., LLC*, No. 13cv0376 WJ/KBM, 2013 WL 11826548, at *1 (D.N.M. Oct. 9, 2013)); *see also e.g.*, *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In this regard, when a dispositive motion is pending that could resolve the matter in its entirety, courts have acknowledged there is "efficiency and fairness" with "delaying the proceedings pending resolution of a motion to dismiss." *Jovel v. Berkebile,* No. 13-cv-02637- RM-MJW, 2014 WL 29616, *2 (D. Colo. Jan. 4, 2014) (citing *Harris v. United*

*States,* No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010)). "[N]either [the court's] nor the parties' time is well-served by being involved in the struggle over the substance of the suit when, as here, a dispositive motion is pending." *Harris*, 2010 WL 1687915, at *1 (citation modified).

As further explained by the court in *Harris*, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* (citation modified). Accordingly, courts in this district and circuit have granted numerous stays pending resolution of dispositive motions even though a stay of discovery is generally disfavored.[1]

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors:(1) plaintiff's interests in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying

---

[1] *See, e.g.*, Order Staying Discovery, *Gaines v. Experian Info. Sols., Inc.*, No. 5:25-cv-00869-J (W.D. Okla. May 15, 2026); *Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121 (D. Colo. Jan. 16, 2015); *Banks v. Colo. Dep't of Corr.*, No. 13-cv-02599-KLM, 2014 WL 6675039 (D. Colo. Nov. 24, 2014); *Hammond v. Intervention*, No. 14-cv-00242-MEH, 2014 WL 4638399 (D. Colo. Sept. 16, 2014); *Castro v. Holmberg*, No. 14-cv-00791-LTB-KMT, 2014 WL 4122175 (D. Colo. Aug. 21, 2014); *Barnes v. Harris*, No. 2:12-CV-1010 TS, 2013 WL 1737950 (D. Utah Apr. 18, 2013); *Advanced Career Techs., Inc. v. Does*, No. 13-cv-00304-WJM-KLM, 2014 WL 3749218 (D. Colo. July 30, 2014); *Entyce Grp., LLC v. Moon Dance 2009, LLC*, No. 2:09CV548, 2010 WL 465835 (D. Utah. Feb. 9, 2010).

326506636v.1

discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Here, as set forth below, the *String Cheese Incident* factors weigh in favor of imposing a temporary stay on discovery under the circumstances in this case.

With respect to the first and second *String Cheese Incident* factors, the court must balance "the Plaintiff's desire to proceed expeditiously with his case against the burden on Defendant[s] of proceeding forward." *Harris*, 2010 WL 1687915, at *1. With respect to the latter, the *Harris* court recognized that "subjecting a party to discovery when a motion to dismiss is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted." *Id.* (citation modified).

Here, the Court's granting of the MJOP will allow the Defendants, Plaintiff, and the Court to avoid incurring potentially unnecessary fees, expenses, time, and costs associated with proceeding with potentially futile discovery. In this regard, commencing discovery will not only require the Defendants and Plaintiff to expend potentially unnecessary resources (as well as the Court), it will also likely require the issuance of a protective order in a case where the Defendants have asserted that Plaintiff's claims are subject to immediate dismissal. Moreover, as with the defendant in *Harris*, the MJOP offers more than "conclusory assertions" to support dismissing the Amended Complaint. Indeed, the Defendants' MJOP is supported by extensive authorities from courts across the country.

4

Under these circumstances, the burden on the Defendants going forward with discovery at this time outweighs any potential prejudice to Plaintiff.

With respect to the third *String Cheese Incident* factor, as set forth above, courts routinely acknowledge the "economy" and "efficiency" associated with preserving judicial resources and avoiding wasting the "time and effort of all concerned" by granting a temporary stay on discovery pending a ruling on a potentially dispositive motion. *See Harris*, 2010 WL 1687915 at *1 (noting that "the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case furthers the ends of economy and efficiency, since if the motion is granted, there will be no need for discovery" (citation modified)); *see also Samuels*, 2015 WL 232121 at *3 (noting that "it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."). Accordingly, this factor weighs in favor of a temporary stay on discovery.

With respect to the fourth *String Cheese Incident* factor, the allegations in the Amended Complaint do not suggest the existence of any nonparties with any significant particularized interests in this case. As such, this factor neither weighs in favor nor against staying discovery. *See Samuels*, 2015 WL 232121 at *3.

With respect to the fifth *String Cheese Incident* factor, the public interest in the "efficient and just handling of legal disputes" favors a stay because, among other things, a temporary stay under these circumstances minimizes "unnecessary expenditures of public and private resources on litigation," while increasing "the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the

5

litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time." *Samuels*, 2015 WL 232121 at *3 (emphasis in original).

Granting a temporary stay on discovery in this matter furthers efficiency standards. Further, because all of the relevant *String Cheese Incident* factors weigh in favor of a temporary stay on discovery pending the ruling on the Defendants' Motion for Judgment on the Pleadings, the Court should grant this Motion and issue the temporary stay.

## III.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Equifax, Experian, and Trans Union respectfully request the Court stay this case, in its entirety, pending ruling on the Motion for Judgment on the Pleadings.

6

326506636v.1

Dated: June 10, 2026                Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Heather H. Sharp*

Heather H. Sharp
 **Admitted Pro Hac Vice*
hsharp@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

Emory Allen, Esq.(OK Bar No. 35986)
CLARK HILL PLC
1001 Pennsylvania Avenue, NW
2600 Dallas Parkway, Suite 600
Frisco, TX  75034
Telephone: (469) 287-3902
Email: eallen@clarkhill.com

*Counsel for Defendant*
*Equifax Information Services, LLC*

7

326506636v.1

CROWE DUNLEVY


By: */s/ Jimmy Goodman*

Jimmy Goodman (OK Bar No. 3451)
Amelia Rae Ridgeway (OK Bar No. 36905)
jimmy.goodman@crowedunlevy.com
amy.ridgeway@crowedunlevy.com
CROWE DUNLEVY
324 North Robinson Ave., Ste. 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700

*Counsel for Defendant Experian*
*Information Solutions, Inc.*

QUILLING,    SELANDER,    LOWNDS,
WINSLETT & MOSER, P.C.


By: */s/ Amanda Loughmiller*

Amanda Loughmiller (OK Bar No. 35383)
aloughmiller@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.c.
5801 Tennyson Parkway, Suite 400
Plano, Texas 75024
Telephone:  (214) 560-5455
Facsimile: (214) 871-2111

*Counsel for Defendant Trans Union LLC*

8

326506636v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2026, I presented the foregoing JOINT MOTION TO STAY ACTION PENDING A RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Heather H. Sharp*
Heather H. Sharp
*Counsel for Defendant*
*Equifax Information Services LLC*

326506636v.1